WILLIAM A. NORMAN, Appellant, v. J. J. ROBINSON, Respondent.

### St. Louis Court of Appeals, February 2, 1892.

Justices' Court: REPLEVIN : CLAIM FOR RETURN OF PROPERTY. If the property sued for is taken from the defendant under the order of delivery in an action of replevin, instituted before a justice of the peace, the defendant may recover judgment against the plaintiff and his surety in the replevin bond for the assessed value of the property, without claiming the property and demanding the return thereof by answer.

*Appeal from the Greene Circuit Court.*

AFFIRMED.

*Wm. C. Price* for appellant.

*C. B. McAfee* for respondent.

BIGGS, J.—This suit was commenced before a justice of the peace in Greene county, Missouri, and was one of replevin for two horses and a set of harness. A bond was given by appellant, and, on the writ issued, the constable seized one horse and set of harness from the respondent and delivered them to the appellant. There was a trial on the fourteenth of June, 1890, and the justice found the issues for the defendant, finding in

the judgment that the right of property and the right of possession were in defendant at the commencement of the suit, and assessed the value of the one horse and harness at $100, and rendered judgment against plaintiff and P. L. Anderson, his security in the replevin bond, that they return the property, or pay the assessed value, and rendered judgment for costs. Five days afterwards plaintiff appeared before the justice and filed an affidavit for an appeal and a bond for appeal with J. A. McConnell, as security. The appeal was allowed to the circuit court of Greene county, and the justice filed the transcript in the clerk's office on the twenty-ninth day of June, 1891.

There was a regular term of the circuit court in September, 1890, and another regular term in January, 1891. No notice of this appeal was ever given and on the twenty-eighth day of March, 1891, defendant filed a motion to affirm the judgment of the justice, because two regular terms of the circuit court had been held at which the case was triable since the appeal was granted, and no notice of the appeal had been given by appellant.

The court sustained the motion, and affirmed the judgment of the justice.

Some four months afterwards plaintiff appeared in court, and filed a motion to set aside the judgment of affirmance, which motion was overruled, and plaintiff excepted, filed bill of exceptions, and filed affidavit for appeal and a bond for *supersedeas* of execution. The bond was approved and a *supersedeas* ordered, and an appeal allowed to this court.

We have been unable to find any merit in this appeal. The case was tried before the justice and disposed of in the circuit court in substantial conformity with the statute. Both parties appeared before the justice, and on the trial there was a finding that the right of property and the right of possession were in the defendant, and that the property replevied was of

the value of $100. These findings and the judgment of the court thereon were in strict accord with the provisions of the statute, sections 6189 and 6190, Revised Statutes of 1889.

It is conceded that the appeal from the justice was taken after the day of trial, and that no notice of the appeal was given, although two terms of the circuit court had intervened. Under this state of facts it was the imperative duty of the circuit court to affirm the judgment of the justice. R. S. 1889, secs. 6342, 6343, 6344.

The plaintiff contends that there could be no judgment against him for the assessed value of the property, in the absence of an answer claiming the property and demanding its return. This claim is based on section 7489, Revised Statutes, 1889, which has reference solely to the practice in replevin cases originating in the circuit court.

Neither is there anything in the objection that the judgment of the justice failed to make any finding as to the other horse sued for. The omission did not have the effect of rendering the judgment void. It was a mere irregularity, which could have been corrected on appeal.

The judgment of the circuit court will be affirmed with ten-per-cent. damages. All the judges concur.